CORNELIUS H. VANDERVEER *against* JOHN M'MACKIN.

ON CERTIORARI.

A count for money paid to, and for the use of, defendant, and at his request, to A. B. is good in justice's court.

---

*Ewing* moved to reverse the judgment rendered by the justice in this case, because the state of demand contained only a general count for money had and received. There were several counts in the state of demand, but the one to which the objection was taken was as follows: "And also for that whereas the defendant was indebted to the plaintiff, on the 3d of April, 1819, in the further sum of $1.75, for money paid, laid out, and expended to and for his use, and at his request, to Peter Forman, Esq." He contended, that the state of demand should shew the object for which the

Vanderveer *v.* M'Makin.

money was paid, laid out, and expended. It must state why and for what purpose it is laid out. And he cited the case of *Bruere* v. *Douglass*, 1 *Pen.* 464; *Ib.* 525, 640.

KIRKPATRICK, C. J. You do not produce any case for money *paid*, but only for money had and received.

*Ewing.* No, sir, but the principle of those cases applies to this.

*Wall* opposed the motion. There is a distinction between money had and received, and money paid out and expended. I do not know how a state of demand could be drawn with more particularity. It states, that the money was paid to a particular person, and at the request of the defendant.

KIRKPATRICK, C. J. It is the opinion of the court, that the same state of demand which is good in a higher court is not always good in the court for the trial of small causes. Thus, a general count for money had and received, or for goods, wares, and merchandise, would not be good in the court for the trial of small causes. But I do not see that we have ever decided a case that comes up to this. This is not the general count for money paid, laid out, and expended, as stated in the books. Here the particular person to whom the money was paid is named. This case is not within the reason of those relied on by the plaintiff's counsel. Even in a count for money had and received, if it had stated from whom the money was had and received, it would be sufficient.

Let the judgment be affirmed.